FILED
2006 Jul-05 PM 03:34
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| ANTHONY LANE AND SANDRA LANE, | ] |
| | ] |
| Plaintiffs, | ] |
| | ] |
| vs. | ] CV-05-CO-1600-W |
| | ] |
| TOYOTA MOTOR SALES, USA, INC., *et al.*, | ] |
| | ] |
| Defendants. | ] |

MEMORANDUM OPINION

I.  Introduction.

The Court has for consideration defendants Toyota Motor Sales, USA, Inc.; Toyota Manufacturing North America, Inc.; Toyota Motor Distributors, Inc.; Toyota, Inc.; and Toyota Motor Corporation's (collectively referred to as "Toyota's") motion for summary judgment, which was properly filed on May 22, 2006.[1]  (Doc. 22.)  Plaintiffs Anthony and Sandra Lane filed suit against Defendants in the Circuit Court of Walker County, Alabama, on July 12, 2005, alleging a variety of state law claims stemming from  injuries Mr.

---

[1]Plaintiffs failed to respond to defendants' motion for summary judgment.

Lane sustained in an automobile accident. (Docs. 1, 22.) A defective restraint system allegedly caused the injuries. *Id.* The issues raised in Defendants' motion for summary judgment are now ripe for decision. Upon full consideration of the legal arguments and evidence presented, Defendants' motion is due to be granted in all respects.

II.   Facts.[2]

Mr. Lane's accident occurred while he was driving a 1992 Toyota Tercel, a vehicle whose restraint system included an automatic shoulder belt and a manual lap belt. (Doc. 22, pp. 7-8.) The shoulder belt could be latched and unlatched using the emergency release. *Id.* at 25. The Tercel also had an audio and visual warning system to remind the driver to fasten the manual belt. *Id.* at 23. At the time of the accident, both the restraint and warning system were unmodified and in working order. *Id.* at 14, 24.

---

[2]The facts set out in this opinion are gleaned from the parties' submissions of facts claimed to be undisputed, their respective responses to those submissions, and the Court's own examination of the evidentiary record. All reasonable doubts about the facts have been resolved in favor of the nonmoving party. *See Info. Sys. & Networks Corp. v. City of Atlanta*, 281 F.3d 1220, 1224 (11th Cir. 2002). These are the "facts" for summary judgment purposes only. They may not be the actual facts. *See Cox v. Adm'r U.S. Steel & Carnegie Pension Fund*, 17 F.3d 1386, 1400 (11th Cir. 1994).

In his attempt to avoid an oncoming vehicle, Mr. Lane swerved and left the road. (Doc. 1, p. 18.) The Tercel overturned and the doors opened, ejecting him and causing serious injury. *Id.* Mr. Lane's injuries also resulted in Sandra Lane's loss of consortium. *Id.* at 23. All parties agree that at the time of the accident Mr. Lane was not wearing his lap belt, though they disagree over whether he was wearing the shoulder belt. (Docs. 1, p. 18; 22, p. 25.) Because all inferences are drawn in favor of the non-moving party, this Court finds that for the purposes of summary judgment Mr. Lane was wearing his shoulder belt at the time of the accident.

III.    Standard.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the evidence] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*,

477 U.S. 317, 323 (1986). The movant can meet this burden by presenting evidence showing that there is no genuine dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id*. at 322-23. In evaluating the arguments of the movant, the court must view the evidence in the light most favorable to the nonmoving party. *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996).

Once the moving party has met his burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)). "A factual dispute is genuine only if a 'reasonable jury could return a verdict for the nonmoving party.'" *Info. Sys. & Networks Corp. v. City of Atlanta*, 281 F.3d 1220, 1224 (11th Cir. 2002) (quoting *United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1437 (11th Cir. 1991)).

IV.     Discussion.

Defendants present two bases for granting summary judgment. First, they allege that federal law preempts Plaintiffs' claims. (Doc. 22, pp. 3-4.) Second, even if some of Plaintiffs' claims are not preempted, Defendants contend that the restraint system is not a defective design. *Id.*

A.     Federal Preemption.

The Constitution's Supremacy Clause provides that federal law "shall be the supreme law of the land." U.S. Const. art. VI. Thus, when federal law conflicts with state law, including state common law liability, federal law preempts state law. *Irving v. Mazda Motor Corp.*, 136 F.3d 764, 767 (11th Cir. 1998), *cert. denied*, 525 U.S. 1018 (1998). Whether federal laws and regulations preempt state law is a question of congressional intent. *Id.* (citing *Perry v. Mercedes Benz of North America, Inc.*, 957 F.2d 1257, 1261 (5th Cir. 1992)). Congress provided auto manufacturers with three restraint system options under Federal Motor Vehicle Safety Standard ("FMVSS") 208, including the combination of an automatic shoulder belt and a manual lap

belt.³  49 C.F.R. § 571.208.  FMVSS 208 was enacted under the authority of the National Traffic and Motor Vehicle Safety Act of 1966 ("the Act").  15 U.S.C. §§ 1381-1431 (repealed 1994).

The Act impliedly preempted Plaintiff's state law claims in *Irving v. Mazda*, 136 F.3d at 766.⁴  That suit arose out of an accident in which the plaintiff's daughter wore only her shoulder belt and was killed in an automobile accident.  In that case, the plaintiff argued first that Mazda's use of an automatic shoulder belt and manual lap belt constituted a defective design, and second that Mazda failed to adequately warn consumers about the danger posed by failing to also use the lap belt.  *Id*.  Implied preemption exists when state law conflicts with federal law or where the state law hinders Congress's objectives.  *Id*. at 768.  There is no presumption against implied preemption.  *Id*. at 769.  The Court in *Irving*

---

³FMVSS 208 allowed for two other types of restraint systems: a fully automatic restraint system or a system employing a manual lap and shoulder belt.  49 C.F.R. § 571.208.

⁴The Court considered, but rejected express preemption.  There is a strong presumption against express preemption of common law claims, and that presumption controlled because the Act's savings clause makes the conflict between state and federal law ambiguous.  *Irving* at 767.  The savings clause states that "[c]ompliance under this chapter does not exempt a person from liability at common law."  49 U.S.C. § 30103(e).

found that Congress specifically intended to give auto manufacturers a range of restraint system options, which included an automatic shoulder belt and manual lap belt. Therefore, the Act preempted claims based on the argument that such a configuration is inherently defective. *Id.* As the failure to warn claim rested on the assumption that there was a defect about which to warn, the Act preempted this claim along with the defective design claim. *Id.* at 770. Additionally, the Court noted that Mazda's warning system fully complied with the standards set in FMVSS 208. *Id.*

The Eleventh Circuit affirmed the reasoning and holding in *Irving* in *James v. Mazda Motor Corp.*, 222 F.3d 1323, 1325 (11th Cir. 2000), *rehearing en banc denied*, 235 F.3d 1347 (Table) (11th Cir. 2000), *cert. denied*, 532 U.S. 921 (2001). In that case, the plaintiff's wife died in an accident in which she was wearing an automatic shoulder belt but not the manual lap belt. Plaintiff filed five counts: strict liability, negligence, breach of an express warranty, breach of an implied warranty of fitness, and failure to warn. *Id.* at 1324. All of the counts relied on proving that the combination of an automatic shoulder belt and manual lap belt constituted a defective design. *Id.* The Court held that the holding in *Irving* remained

good law, that the facts and claims in the instant case were virtually identical to those in *Irving*, and, therefore, federal law preempted all of the plaintiff's claims.

The Supreme Court further bolstered the reasoning in *Irving* in *Geier v. American Honda Motor Co., Inc.*, 529 U.S. 861 (2000). In that case, the plaintiff alleged that Honda designed its car negligently and defectively by failing to install an airbag. *Id.* at 865. The Court held that, through FMVSS 208, Congress specifically intended to provide manufacturers with a range of choices for automatic restraint devices. *Id.* at 875. This intent to maintain a range of options preempted state law claims based on the argument that only one of these options, installing an airbag, was not a negligent or defective design. *Id.* at 885-86. In reaching this conclusion, the Court also held that the Act's savings clause was not dispositive and did not bar the ordinary application of conflict preemption principles. *Id.* at 869.

The reasoning and holding in *Irving* also control the instant suit against Toyota. FMVSS 208 specifically allowed auto manufacturers to design a restraint system employing an automatic shoulder belt and manual lap belt.

As the Toyota Tercel's restraint system is comprised of an automatic shoulder belt and manual lap belt, it is a system Congress specifically intended to allow manufacturers to produce.

Just like the plaintiffs in *Irving* and *James*, however, the plaintiffs in this case allege that the option selected by Defendants is inherently defective. Plaintiffs concede that the automatic seat belt system is the basis of their suit, and their only proposed improvement to the restraint system is to substitute a manual three-point seatbelt system. (Docs. 1, p. 9; 22, p. 19.) In other words, Plaintiffs argue that the restraint system chosen by Toyota and specifically allowed by Congress is inherently defective. Supporting this claim would frustrate Congress's objective of providing auto manufacturers with the option of using an automatic shoulder belt with a manual lap belt, and the claim is thus preempted. As the failure to warn claim also rests on the assumption that there is a defect about which Toyota needed to warn consumers, the failure to warn claim is precluded along with all other claims made by Plaintiffs in this action.

Because FMVSS 208 preempts Plaintiffs' claims, Defendants' motion for summary judgment is due to be granted.

B.   Whether the Restraint System in Question is Reasonably Safe.

Summary judgment is proper when the plaintiff has failed to present evidence supporting an element of a claim for which it has the ultimate burden of proof. *Supra,* pp. 3-4. Plaintiffs in this case have failed to introduce one iota of evidence supporting their claim that the restraint system chosen by Toyota is defective. While Plaintiffs assert that 'studies' show that an automatic shoulder belt coupled with a manual lap belt is unsafe, they do not cite a single study to support their contention. (Doc. 22, p. 9.) Defendants, on the other hand, have provided numerous studies supporting the conclusion that an automatic shoulder belt coupled with a manual lap belt is reasonably safe, even in terms of ejectments and rollovers, and even when the driver did not fasten the manual lap belt. *Id.* at 28-49.

Because Plaintiffs have failed to present any evidence supporting their claim that Defendants' restraint system is defective and Defendants have provided evidence supporting their contention that their restraint system is reasonably safe, summary judgment is due to be granted.

V.    Conclusion.

For the reasons stated above, Defendants' Motion for Summary Judgment is due to be granted in all respects.  A separate order in conformity with this opinion will be entered.

Done this <u>5th</u> day of <u>July 2006</u>.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
124153
